1

2

3

4

5

6

7

8                         UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   EVERETT L. SPILLARD, II.,                    No.  2:20-cv-0702 KJM CKD P

12                  Plaintiff,

13        v.                                       ORDER

14   COSTA, et al.,

15                  Defendants.

16

17           Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. §

18   1983.  Plaintiff's amended complaint is before the court for screening under 28 U.S.C. § 1915A.

19   For the reasons which follow, the court will dismiss plaintiff's amended complaint with leave to

20   file a second amended complaint.

21           First, plaintiff has violated the Federal Rules of Civil Procedure with respect to joinder of

22   claims. Under Rule 20 of the Federal Rules of Civil Procedure, plaintiff cannot bring unrelated

23   claims against different defendants.  In other words, plaintiff cannot join claims against defendant

24   B that have nothing to do with those brought against defendant A.

25   /////

26   /////

27   /////

28   /////

Furthermore, the complaint fails to state a claim upon which relief can be granted as it is generally vague, confusing and conclusory.  If plaintiff chooses to amend the complaint plaintiff must write clearly as is advised as follows:

1.  Plaintiff must allege in specific terms how each named defendant is involved.  Plaintiff must identify how he was harmed and then indicate how a defendant proximately caused the harm.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

2.  In order to state a claim for retaliation, plaintiff must point to facts indicating a causal connection between the adverse action and the protected conduct.  Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012).

3.  Denial or delay of medical care can violate the Eighth Amendment.  Estelle v. Gamble, 429 U.S. 97, 104-05 (1976).  A violation occurs when a prison official causes injury as a result of his or her deliberate indifference to a prisoner's serious medical needs.  Id.  A showing of merely negligent medical care is not enough to establish a constitutional violation.  Frost v. Agnos, 152 F.3d 1124, 1130 (9th Cir. 1998), citing Estelle, 429 U.S. at 105-106.  A difference of opinion about the proper course of treatment is not deliberate indifference, nor does a dispute between a prisoner and prison officials over the necessity for or extent of medical treatment amount to a constitutional violation.  See, e.g., Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete.  Local Rule 220 requires that any amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes prior pleadings.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).

/////

/////

2

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's amended complaint is dismissed.

2. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of this order, the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The second amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint."  Failure to file a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed

Dated:  September 24, 2021

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
spil0702.14